IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MELODY LINDIG** | § |
| | § |
| **Plaintiff** | § |
| | § |
| v. | §.  CIVIL ACTION NO. 5:19-cv-19-1414 |
| | § |
| **LYLE WAYNE HENNRICKS** | § |
| | § |
| **Defendant** | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, MELODY LINDIG, hereinafter referred to as "Plaintiff", in the above entitled and numbered cause, complaining of LYLE WAYNE HENNRICKS (hereinafter referred to as "Defendant") and for cause of action would respectfully show the Court as follows:

### A.
### Parties and Service of Citation

1. Plaintiff, MELODY LINDIG., is a resident/citizen of Bexar County, Texas.

2. Defendant is an individual and may be served with citation by serving him at W. 6600 Locust Road, Mondovi, WI 54755, or wherever he may be found.

### B.
### Misnomer/Alter-Ego

3. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## C.
## Venue

4.     Venue is proper in this District under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## D.
## Jurisdiction and Capacity

5.     **In Personam:**  The Court has *in personam* jurisdiction over the Defendant because Defendant was involved in a collision occurring in Texas.

6.     **Subject Matter:**  The Court has subject matter jurisdiction over the case at bar pursuant to 28 U.S.C. §1332 (a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

7.     **Capacity:**  Whenever in this petition it is alleged that any Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or thing.

## E.
## Factual Allegations

8.     On January 3, 2018, Defendant was operating a 2003 F250 pickup truck at or near the intersection of New Mathis Road and Priest Road in Bexar County, Texas.

9.     Defendant was traveling on New Mathis Road.

10.    Plaintiff was traveling on Priest Road.

11.    Defendant did not stop at a stop sign at the intersection.

12.    Defendant's failure to stop at the stop sign caused Plaintiff's vehicle to hit Defendant's vehicle.

13. Plaintiff was operating her vehicle at a safe and reasonable speed given the traffic conditions then present, and was, in all other respects, operating her vehicle prudently and safely.

14. As a proximate result of the aforementioned collision, Plaintiff was caused to suffer serious injuries and damages as hereinafter described.

### F.
### Conditions Precedent

15. Plaintiff asserts that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the cause of action at bar.  Alternatively, to the extent any conditions have not been met, failure to meet said conditions, if any, has not prejudiced the Defendant.

### G.
### Negligence

16. Plaintiff incorporates the facts alleged above.

17. Plaintiff sues Defendant for negligence.  Defendant was negligent in one or more acts or omissions, including those described below and elsewhere herein, each of which was a proximate cause of the occurrence in question and the injuries and damages alleged herein:

   a. Failing to stop at a stop sign.

   b. Maneuvering his vehicle in a manner especially unsafe.

   c. Failure to account for known traffic conditions at the intersection of New Mathis Road and Priest Road.

   d. Operating his vehicle in an unreasonable and unsafe manner, and thereby endangering other motorists.

   e. Failure to keep a proper lookout.

      f.    Failure to yield the right of way to Plaintiff.

      g.    Failure to operate his vehicle in a safe and prudent manner, such as a driver using ordinary care would have done under the same or similar circumstances.

      h.    Failure to adhere to and follow the Texas Transportation Code.

      i.    Such other and further acts of negligence as may be shown at trial.

## H.
## Negligence Per Se

18.    Defendant's conduct was negligence per se because Defendant breached a duty imposed by the Texas Transportation Code. Defendant's breach caused Plaintiff's injuries. Specifically, Defendant breached the duty imposed by the Texas Transportation Code section §544.010 which requires a driver entering an intersection with a stop sign to stop. Further, Defendant breached the duty imposed by the Texas Transportation Code section §545.151, which requires a driver to stop, yield and grant immediate use of the intersection in obedience to a stop sign.

## I.
## Damages

19.    Plaintiff incorporates the facts alleged above.

20.    Plaintiff alleges that as a direct and proximate result of the conduct, and/or negligent acts and/or omissions of Defendant, Plaintiff is entitled to recover at least the following legal damages:

    a. Reasonable and necessary health care expenses incurred in the past;

    b. Reasonable and necessary health care expenses, which, in all reasonable probability, will be incurred in the future;

    c. Physical pain and suffering in the past;

4

    d. Physical pain and suffering, which, in all reasonable probability, will be endured in the future;

    e. Mental anguish suffered in the past;

    f. Mental anguish, which, in all reasonable probability, will be suffered in the future;

    g. Loss of earning capacity in the past;

    h. Loss of earning capacity in the future;

    i. Physical impairment suffered in the past;

    j. Physical impairment, which, in all reasonable probability, will be suffered in the future;

    k. Physical disfigurement suffered in the past; and

    l. Physical disfigurement, which, in all reasonable probability, will be suffered in the future.

Accordingly, Plaintiff sues for damages within the jurisdictional limits of the Court.

## J.
## Costs And Interest

21. It was necessary for Plaintiff to expend monies as the costs of court requisite to prosecute this cause of action. Therefore, Plaintiff seeks an award of costs and prejudgment and post-judgment interest.

## K.
## Jury Demand

22. Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

5

## **PRAYER**

23. WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer, and that on final trial, the Honorable Court render judgment in favor of the Plaintiff, to wit:

a. Damages, actual, special, exemplary and otherwise, in an amount within the Court's jurisdictional limits;

b. All Costs of Court;

c. Both pre-judgment and post-judgment interest at the maximum legal rate; and

d. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Office of Matthew S. Norris PLLC

By:_____
Matthew S. Norris
TBA No. 24076881
6243 IH-10 West, Suite 1010
San Antonio, Texas  78201
Ph.  (210) 549-7633
Fax (210) 446-4482
matt@mattthewnorrislaw.com
ATTORNEY FOR PLAINTIFF